**NOT FOR PUBLICATION**



FILED

MAR 07 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-15-1271-TaKuF |
| HOLY HILL COMMUNITY CHURCH, | Bk. No.   2:14-bk-21070-WB |
| Debtor. | |
| DANA PARK, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| RICHARD J. LASKI, Chapter 11 Trustee, | |
| Appellee. | |

Argued and Submitted on February 19, 2016
at Pasadena, California

Filed – March 7 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Julia W. Brand, Bankruptcy Judge, Presiding

Appearances:   Marvin Levy argued for appellant Dana Park;
Richard D. Buckley argued for appellee Richard J.
Laski, Chapter 11 Trustee.

Before:   TAYLOR, KURTZ, and FARIS, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Dana Park appeals from an order disallowing her proof of claim with prejudice. We AFFIRM.

**FACTS[1]**

Pre-petition, the Debtor – a Presbyterian church - obtained two loans from Hanmi Bank.[2] The loans were evidenced by promissory notes and secured by deeds of trust encumbering the Debtor's valuable real property in Los Angeles, California (the "Property"). Also pre-petition, internal discord arose between the church leadership and its membership and then between the church leadership and its governing organization. This discord culminated in the governing organization's spring 2011 ouster of the Debtor's pastor and board of elders; various litigation in California state court followed.

Eventually, in June 2014, the Debtor filed a chapter 11 petition; the Trustee was appointed soon after.

While the record is unclear as to her history with the Debtor and its disputes, Park soon participated in the bankruptcy case. She filed a three-page proof of claim in the

---

[1] These parties were very recently before the Panel. In Park v. Laski (In re Holy Hill Community Church), 2016 WL 80032 (9th Cir. BAP Jan. 5, 2016) ("Holy Hill I"), Park appealed from the bankruptcy court's order dismissing, with prejudice, her complaint against chapter 11 debtor Holy Hill Community Church. We concluded that the appeal was moot and, in the alternative, that a merits analysis did not warrant reversal. We include here only those facts most relevant to this appeal.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

amount of $4.1 million dollars. The proof of claim identified the creditor as "Dana Park, Beverly Real Estate Investments LLC/Golden Fish LLC." Both of the limited liability companies (the "LLCs") were Park-controlled entities. The proof of claim did not attach any supporting documents.

The bases of Park's alleged claim were two-fold. First, she asserted an ownership interest in the Property by virtue of a quitclaim deed (the "Beverly Deed"), which purported to transfer the Property from the Debtor to Beverly Real Estate Investments, LLC ("Beverly LLC"). The state court, however, ultimately deemed the deed invalid because it was executed by the Debtor's pastor and board of elders after their ouster from church leadership and management.

Second, Park alleged that she and her "companies" purchased the Hanmi notes for $4.1 million dollars. She alleged that this saved the Property from foreclosure and that, in exchange for her assistance, the Debtor then executed the Beverly Deed. According to Park, she had no idea that there was internal church strife or that the pastor and board of elders had been removed from their positions at the time they executed the Beverly Deed.

The Trustee objected to Park's proof of claim, arguing that the claim lacked adequate documentation and evidentiary support. He asserted that there was no evidence that Park or the LLCs had a secured claim against the Property.

In opposition, Park relied on her alleged purchase of the Hanmi notes and the Beverly Deed. Concurrently, she filed an amended proof of claim that changed the name of the creditors

3

asserting a claim to "Dana Park dba Beverly Real Estate Investments, LLC; JB Sunset Management." The amended proof of claim also attached a number of documents,[3] although Park provided no explanation of the relevancy of these documents.

The Trustee replied that the law of the case doctrine barred Park from relying on arguments already decided against Park by the bankruptcy court when it dismissed Park's quiet title action based on the Beverly Deed. The Trustee further argued that Federal Rule of Civil Procedure 15 required disallowance because Park neither obtained his consent as the opposing party nor sought leave to amend the proof of claim from the bankruptcy court.

The bankruptcy court agreed with the Trustee; it sustained the Trustee's objection to the proof of claim, both as initially filed and as amended. It held that Park had not shown that she was the real party in interest entitled to assert a claim against the Debtor based on the Hanmi notes and related trust deeds. It also determined that Park was precluded from relitigating her alleged interest in the Property pursuant to the Beverly Deed.

The bankruptcy court entered an order disallowing Park's

---

[3] These documents included copies of: a proof of publication dated July 26, 2012 in a Los Angeles newspaper; an assignment of the first Hanmi trust deed, from Hanmi to JB Sunset Partnership; an estimated settlement statement dated July 27, 2011, showing Beverly LLC as the buyer; an amended sale agreement dated September 29, 2011, between Hanmi, Beverly LLC, and J Development, LLC; an escrow closing statement dated February 24, 2012, reflecting JB Sunset as the buyer; and emails between a Hanmi Bank representative and Park's brother.

4

proof of claim.  Park timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B).  We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**[4]

Whether the bankruptcy court erred in sustaining the Trustee's objection to Park's proof of claim.

**STANDARD OF REVIEW**

The bankruptcy court's decision on an objection to proof of claim is a mixed question of fact and law.  We review its findings of fact for clear error and its conclusions of law de novo.  See Cont'l Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 671 F.3d 1011, 1030 (9th Cir. 2011).  A factual finding is clearly erroneous if illogical, implausible, or without support in inferences that may be drawn from the facts in the record.  TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

Federal Rule of Bankruptcy Procedure 3001(a) establishes that "[a] proof of claim is a written statement setting forth a creditor's claim."  To the extent a claim or property interest is based on a writing, the creditor (or an agent) must attach

---

[4]  The bankruptcy court also rejected Park's amended proof of claim on the basis that it named a new party (JB Sunset Partnership) and was filed after expiration of the claims bar date.  Park, however, does not specifically argue or address this aspect of the bankruptcy court's ruling in her opening brief; thus, neither do we.

5

that writing to the proof of claim. Fed. R. Bankr. P. 3001(c)(1).

Here, as the Trustee acknowledged to the bankruptcy court and at oral argument before this Panel, there is no dispute with respect to the validity of or the Debtor's liability on the Hanmi notes. The Debtor scheduled the debts as undisputed claims. We also note that, while this appeal was pending, the Trustee obtained bankruptcy court approval of a compromise between the Trustee and another party asserting rights under the Hanmi notes; the settlement recitals state that the Trustee does not dispute the validity of the liens created as a result of the Hanmi notes and trust deeds.

Instead, the bankruptcy court determined that Park had not shown that she was the real party in interest entitled to assert claims based on the Hanmi notes and the related trust deeds. Thus, the bankruptcy court determined that Park failed to show that she had standing to file her proof of claim based on the Hanmi notes. On this record, we conclude that the bankruptcy court did not err. Consequently, Park's several arguments in regards to the prima facie validity of a proof of claim are inapposite. See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 922 (9th Cir. BAP 2011) ("[S]tanding is a prerequisite to the evidentiary benefits set forth in Rule 3001(f).").

The record shows that the proof of claim consisted only of the three-page official bankruptcy form; Park did not attach any other documents, even though she later alleged that her claim was based on the Beverly Deed and her purchase of the Hanmi

6

notes. The form proof of claim identified Park and the LLCs as the creditor and included the following handwritten comment: "I have claim [sic] to the [P]roperty on 1111 Sunset Blvd Los Angeles, CA 90015."

The bankruptcy court found that on the date of petition, another non-Park controlled entity held the liens against the Property — not Park. It found that this was consistent with the Debtor's schedules, which listed the other, non-Park controlled entity. The bankruptcy court, thus, determined that Park had not shown that she had a right to assert a claim, either on her own behalf or as the authorized agent of the non-Park controlled entity. We agree.

As stated, there was no documentary evidence that Park or the LLCs held the Hanmi notes or had rights to enforce the related trust deeds. The record here does not supply other evidence supporting her right to assert claims based on the Hanmi notes and trust deeds, either personally or through the LLCs. Indeed, at oral argument, Park's counsel conceded that the claim was asserted on behalf of third parties.

It may well be that Park orchestrated the 2011 purchase of the Hanmi notes and contributed some of the purchase price. But, the record simply does not support that, from a legal standpoint, either she or the LLCs owned the Hanmi notes or had rights to enforce the trust deeds securing those notes. Thus, the bankruptcy court correctly determined that Park could not assert a claim against the estate based on her status as a lienholder or as a party entitled to enforce the Hanmi notes.

And, to the extent Park continued to assert a claim based

7

on an alleged ownership interest in the Property, the bankruptcy court concluded that the issue had been determined by the state court and was not subject to re-litigation. As stated in Holy Hill I, the state court determined that the Beverly Deed was invalid; the pastor and board of elders who executed the deed lacked the authority to do so. Insofar as Park continues to challenge this determination, it is now beyond dispute. Thus, Park did not have an ownership interest in the Property that supplied her with a claim against the estate.

**CONCLUSION**

Based on the foregoing, we AFFIRM.